LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NOS. 29338 and 29524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO
CLERK APPELLATE COURTS
STATE OF HAWAII

2010 JUN 23 AM 10: 13

FILED

No. 29338
GARY BART; EARL G. BART TRUST; GARY D. STICE;
APOLONIA A. STICE; PARALUMAN P. STICE-DURKIN;
LIGAYA L. STICE-BEREDINO; EDWIN T. CRYER;
ANN C. HARTHORN; MURCIA-TORO, INC., a Nevada
corporation duly registered in the State of Hawai'i;
CHARO RASTEN; CARMEN LESHER; CAROLINE D. SIMPSON;
SMITH FAMILY TRUST; E. BRIAN SMITH; BARBARA J. BAKER;
STEPHEN L. BAKER; HELFERICH FAMILY TRUST; UDO HELFERICH;
FARAH HELFERICH; DIANE G. FAYE TRUST; DIANE D. FAYE TRUST;
LINDSAY C. FAYE TRUST; NAN GUSLANDER; WHIT L. PRESTON;
HILARY PRESTON; MICHAEL J. TIERNAN; ELIZABETH T. TIERNAN;
MARGARET SULLIVAN; WILLIAM VAN DYK; PIETER S. MYERS;
MARK G. MORAN; AND CAPRICE R. MORAN,
Plaintiffs-Appellants,
v.
BOARD OF LAND AND NATURAL RESOURCES,
STATE OF HAWAI'I; DEPARTMENT OF LAND AND NATURAL
RESOURCES, STATE OF HAWAI'I; and LAURA THIELEN,
in her capacities as Chairperson of the BOARD
OF LAND AND NATURAL RESOURCES and Administrator
of the DEPARTMENT OF LAND AND NATURAL RESOURCES,
Defendants-Appellees
(Civil No. 08-01-0030)

and

No. 29524
GARY BART; EARL G. BART TRUST; GARY D. STICE;
APOLONIA A. STICE; PARALUMAN P. STICE-DURKIN;
LIGAYA L. STICE-BEREDINO; EDWIN T. CRYER;
ANN C. HARTHORN; MURCIA-TORO, INC., a Nevada
corporation duly registered in the State of Hawai'i;
CHARO RASTEN; CARMEN LESHER; CAROLINE D. SIMPSON;
BARBARA J. BAKER; STEPHEN L. BAKER; HELFERICH FAMILY TRUST;
UDO HELFERICH; FARAH HELFERICH; DIANE G. FAYE TRUST;
DIANE G. FAYE; DIANE D. FAYE TRUST; DIANE D. FAYE;
LINDSAY C. FAYE TRUST; LINDSAY C. FAYE; NAN
GUSLANDER TRUST; NAN GUSLANDER; L. WHIT PRESTON TRUST;
L. WHIT PRESTON; HILARY PRESTON TRUST; HILARY PRESTON;
MICHAEL J. TIERNAN; ELIZABETH T. TIERNAN; MARGARET
SULLIVAN; WILLIAM A. VAN DYK; PIETER S. MYERS;
MARK G. MORAN; CAPRICE R. MORAN, IVE REVOCABLE TRUST;
HEATHER IVE; JONATHAN IVE; and TROY ECKERT,
Plaintiffs-Appellants,
v.

BOARD OF LAND AND NATURAL RESOURCES,
STATE OF HAWAI'I; DEPARTMENT OF LAND AND NATURAL RESOURCES, STATE
OF HAWAI'I; and LAURA H. THIELEN, in her capacities as
Administrator of the STATE OF HAWAI'I DEPARTMENT OF LAND AND
NATURAL RESOURCES, and Chairperson of the BOARD OF LAND AND
NATURAL RESOURCES, Defendants-Appellees
(Civil No. 08-01-0077)


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT


MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

In this consolidated appeal[1] arising out of a dispute
over land use, the following parties appealed from the following
Final Judgments entered in the Circuit Court of the Fifth
Circuit[2] (circuit court):

(1) In Civil No. 08-01-0030, an agency appeal,
Appellants-Appellants Gary Bart; Earl G. Bart Trust; Gary D.
Stice; Apolonia A. Stice; Paraluman P. Stice-Durkin; Ligaya L.
Stice-Beredino; Edwin T. Cryer; Ann. C. Harthorn; Murcia-Toro,
Inc., a Nevada corporation duly registered in the State of
Hawai'i; Charo Rasten; Carmen Lesher; Caroline D. Simpson; Smith
Family Trust; E. Brian Smith; Barbara J. Baker; Stephen L. Baker;
Helferich Family Trust; Udo Helferich; Farah Helferich; Diane G.
Faye Trust; Diane D. Faye Trust; Lindsay C. Faye Trust; Nan
Guslander; Whit L. Preston; Hilary Preston; Michael J. Tiernan;
Elizabeth T. Tiernan; Margaret Sullivan; William Van Dyk; Pieter
S. Myers; Mark G. Moran; and Caprice R. Moran (Agency Plaintiffs)
appealed from the Final Judgment entered on August 7, 2008 in
favor of Appellees-Appellees Board of Land and Natural Resources,
State of Hawai'i (BLNR); Department of Land and Natural
Resources, State of Hawai'i (DLNR); and Laura H. Thielen

_____

[1] On January 9, 2009, this court granted a stipulation to consolidate
appeal Nos. 29338 and 29524. Although the majority of the same parties appear
as plaintiffs in both appeals, there is a difference in the parties.

[2] The Honorable Kathleen N.A. Watanabe presided.

(Thielen) in her capacities as Chairman of the BLNR and Administrator of the DLNR (collectively, Defendants or Appellees).

(2) In Civil No. 08-1-0077, a complaint for declaratory judgment and injunctive relief, Plaintiffs-Appellants Gary Bart; Earl G. Bart Trust; Gary D. Stice; Apolonia A. Stice; Paraluman P. Stice-Durkin; Ligaya L. Stice-Beredino; Edwin T. Cryer; Ann. C. Harthorn; Murcia-Toro, Inc., a Nevada corporation duly registered in the State of Hawaiʻi; Charo Rasten; Carmen Lesher; Caroline D. Simpson; Barbara J. Baker; Stephen L. Baker; Helferich Family Trust; Udo Helferich; Farah Helferich; Diane G. Faye Trust; Diane G. Faye; Diane D. Faye Trust; Diane D. Faye; Lindsay C. Faye Trust; Lindsay C. Faye; Nan Guslander Trust; Nan Guslander; L. Whit Preston Trust; L. Whit Preston; Hilary Preston Trust; Hilary Preston; Michael J. Tiernan; Elizabeth T. Tiernan; Margaret Sullivan; William A. Van Dyk; Pieter S. Myers; Mark G. Moran; Caprice R. Moran; Ive Revocable Trust; Heather Ive; Jonathan Ive; and Troy Eckert (Civil Plaintiffs) appealed from the Final Judgment entered on November 17, 2008 in favor of Defendants.

We will refer to Agency Plaintiffs and Civil Plaintiffs collectively as Appellants. On appeal, Appellants raise the following points of errors:

A.   Agency Appeal

1.   Did the Circuit Court err when it dismissed Appellants' HRS [Hawaii Revised Statutes] chapter 91 appeal on the grounds that the Court lacked subject matter jurisdiction to review the [BLNR's] denial of Appellants' Petition and its denial of Appellants' request for contested case hearing although HRS § 183C-8 authorizes appeals in accord with chapter 91 from any final order of the DLNR?

2.   Did the Circuit Court err in dismissing the chapter 91 appeal pursuant to HRCP [Hawaiʻi Rules of Civil Procedure] Rule 12(b)(1) on the grounds that no "contested case hearing" had been held even though the [BLNR's] denial of the Petition was final, was made in a public meeting required by law, and the Petition was a request that the [BLNR] determine Appellants' legal "rights, duties, or privileges" under their CDUPs [conservation district use permits]?

3.    Did the Circuit Court err in holding that the [BLNR's] December 14, 2007 public meeting in which Appellants' Petition was denied was not a "contested case hearing" for purposes of jurisdiction under HRS § 91-14?

4.    Did the Circuit Court err in failing to remand the action to the BLNR for the BLNR to rule on Appellants' request for a contested case hearing because the Chairperson lacks authority to deny requests for contested case hearings and only the BLNR has the authority to allow or deny a contested case?

B.    **Declaratory Judgment Action**

1.    Did the Circuit Court err when it granted summary judgment to all claims on the grounds that as a matter of law, Appellants were not entitled to a contested case hearing on the merits of the Petition?

2.    Did the Circuit Court err in granting summary judgment as a matter of law on the grounds that the no-rental rule and conditions are not vague or ambiguous and give fair notice that certain conduct is prohibited where it is undisputed that both Appellees themselves and the Circuit Court have been unable to articulate what conduct is prohibited by the no-rental rule and conditions, and there was evidence of inconsistent enforcement?

3.    Did the Circuit Court err when it granted summary judgment to all claims alleged in the Complaint on the grounds that as a matter of law, the no-rental conditions in the CDUP are not overbroad when there were undisputed facts in the record demonstrating that the [BLNR] had previously admitted the no-rental conditions are "unreasonable" and not enforceable and there were undisputed facts in the record demonstrating that the DLNR itself conducts short-term vacation rental in the Conservation District and thus there was a genuine issue of material fact as to whether the no-rental conditions are consistent with the purposes of the Conservation District in HRS [Chapter] 183C?

4.    Did the Circuit Court err when it refused or failed to decide whether the no-rental rule and condition, as apparently interpreted by the Circuit Court, exceeded statutory authority of the BLNR and whether they were inconsistent with the standards of HRS [Chapter] 183C?

5.    Did the Circuit Court err in granting summary judgment as a matter of law that the denial of Appellants' Petition was proper notwithstanding the existence of a genuine issue of material fact as to whether an illegal executive session was held by the [BLNR] in deciding the Petition?

6.    Did the Circuit Court err in granting summary judgment on Appellants' claim that OCCL [Office of Conservation and Coastal Lands] lacked authority to enforce the CDUP conditions against Appellants where there was clear undisputed evidence in the record that the OCCL

was proceeding in an enforcement action against Appellants?

7.   Did the Circuit Court abuse its discretion in denying Appellants' Motion to Compel when the discovery sought by Appellants was discoverable and directly relevant to the claims and defenses alleged by the parties, the discovery could have had a material impact on the merits of the claims that the Court dismissed by summary judgment, and thus resulted in substantial prejudice to Appellants?

8.   Did the Circuit Court abuse its discretion in denying Appellants' request for an HRCP Rule 56(f) continuance to conduct discovery and granting summary judgment where Appellees had refused to produce any records in response to Appellants' pending discovery request, Appellants had no opportunity to conduct discovery, Appellants had filed a Motion to Compel, the discovery sought to be compelled was highly relevant to the claims and defenses alleged by the parties, and the discovery could have had a material impact on the merits of the claims that the Court dismissed by summary judgment?

We vacate and remand the agency appeal for BLNR determination on the Agency Plaintiffs' entitlement to a contested case hearing under Hawaii Administrative Rule (HAR) § 13-1-29.1.  Because we vacate and remand on this point, we decline to address Appellants' other points.

## I.  BACKGROUND

Appellants own real property in the Haena Hui Partition area on the island of Kauʻai.  The real property is located within a State of Hawaiʻi land use Conservation District. Appellants were granted CDUPs for single-family residences on their properties.  The CDUPs included a no-rental condition, which prohibited renting out a single-family residence or using it for any commercial purpose.

HAR § 13-5-42(a)(5) prohibits the use of single-family residences for rental or commercial purposes without prior approval from the BLNR.

Despite the prohibition on renting, some Appellants rented their properties.  On March 23, 2007, cease and desist

5

letters were sent to Appellants.[3] The letters indicated that the OCCL[4] had "received information regarding the alleged, unauthorized vacation rental use of the subject property." The letters further stated:

> The OCCL notes you will have until June 30, 2007 to cease any unauthorized use on the subject parcel. Should you fail to cease such illegal use by this date, you will be subject to fines up to $2,000.00 per day, pursuant to Chapter 13-5, HAR, in addition to administrative costs incurred by the [DLNR].

The letters were signed by Peter T. Young, BLNR Chairperson.

The letters did not constitute formal enforcement action against Appellants.

On September 11, 2007, Agency Plaintiffs filed a Petition for Deviation from Conditions (Petition), pursuant to HAR § 13-5-42(c), with the DLNR. The Petition requested "the deletion of any language which purports to prohibit the owner of a single family residence built pursuant to the CDUP from renting the property." The BLNR denied the Petition on December 14, 2007, and the DLNR notified Agency Plaintiffs of the denial by letter dated December 18, 2007. Agency Plaintiffs timely requested a contested case hearing on the denial.

On or about January 14, 2008, Thielen, the Chairperson of the BLNR, wrote a letter to Agency Plaintiffs' counsel denying Agency Plaintiffs' request for a hearing. The letter stated that "[t]he request is denied because a contested case hearing on this matter is not required by law." Thielen signed the letter in her official capacity as the BLNR Chairperson. The BLNR did not consider or act on Agency Plaintiffs' request.

On February 14, 2008, Agency Plaintiffs appealed to the circuit court from the denial of their Petition and their request for a contested case hearing, pursuant to HRS § 91-14 (1993 & Supp. 2009).

---

[3]  The record indicates that each Appellant received a cease and desist letter except for Guslander/Preston.

[4]  OCCL is an office within the DLNR.

On March 12, 2008, Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction. Although the Agency Plaintiffs opposed the motion, the circuit court granted it and entered the Final Judgment on August 7, 2008.

Agency Plaintiffs timely appealed from the Final Judgment to this court.

On April 14, 2008, Civil Plaintiffs filed a declaratory judgment action against Defendants, asking for, among other things, a declaration that Thielen's action in denying Civil Plaintiffs' request for a contested case hearing "should be reversed." On May 20, 2008, Defendants filed a motion to dismiss the Complaint for Declaratory Judgment and Injunctive Relief, which motion the circuit court ultimately denied.

On August 11, 2008, Defendants filed a Motion for Summary Judgment as to all Claims and Parties. Civil Plaintiffs opposed the motion. On November 17, 2008, the circuit court granted Defendants' motion for summary judgment and entered the Final Judgment.

Civil Plaintiffs timely appealed.

## II. STANDARD OF REVIEW

"On secondary judicial review of an administrative decision, Hawai['i]i appellate courts apply the same standard of review as that applied upon primary review by the circuit court." *Kaiser Found. Health Plan, Inc. v. Dep't of Labor & Indus. Relations*, 70 Haw. 72, 80, 762 P.2d 796, 800-01 (1988). For administrative appeals, the applicable standard of review is set forth in [HRS] § 91-14 (2004), which provides:

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1)     In violation of constitutional or statutory provisions; or

(2)     In excess of the statutory authority or jurisdiction of the agency; or

(3)     Made upon unlawful procedure; or

> (4)   Affected by other error of law; or
>
> (5)   Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)   Arbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
>
> HRS § 91-14(g). Pursuant to HRS § 91-14(g)(5), administrative findings of fact are reviewed under the clearly erroneous standard, which requires [the appellate] court to sustain its findings "unless the court is left with a firm and definite conviction that a mistake has been made." *Bumanglag v. Oahu Sugar Co., Ltd.*, 78 Hawaiʻi 275, 279, 892 P.2d 468, 472 (1995) (block format and citation omitted). Administrative conclusions of law, however, are reviewed under the *de novo* standard inasmuch as they are "not binding on an appellate court." *Id.* (block format and citation omitted). "Where both mixed questions of fact and law are presented, deference will be given to the agency's expertise and experience in the particular field and the court should not substitute its own judgment for that of the agency." *Dole Hawaii Div.-Castle & Cooke, Inc. v. Ramil*, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990). "To be granted deference, however, the agency's decision must be consistent with the legislative purpose." *Camara v. Agsalud*, 67 Haw. 212, 216, 685 P.2d 794, 797 (1984).

Peroutka v. Cronin, 117 Hawaiʻi 323, 326, 179 P.3d 1050, 1053 (2008).

### III.  DISCUSSION

Appellants contend that Thielen did not have the authority to deny Agency Plaintiffs' request for a contested case and the circuit court erred as a matter of law in failing to address this error. Appellants argue that the BLNR had to decide Agency Plaintiffs' request at a publicly noticed meeting.

Parties may request a contested case and petition BLNR to hold a contested case hearing. HAR § 13-1-29(a) (1982). BLNR has discretion to deny the request and/or petition:

> The board without a hearing may deny a request or petition or both for a contested case when it is clear as a matter of law that the request concerns a subject that is not within the adjudicatory jurisdiction of the board or when it is clear as a matter of law that the petitioner does not have a legal right, duty, or privilege entitling one to a contested case proceeding.

HAR § 13-1-29.1.

8

We note that the chairperson's enumerated duties under HAR § 13-1-8 do not include officially determining a party's entitlement to a contested case hearing. We also note that the BLNR has the power to "[d]elegate to the chairperson or employees of the department of land and natural resources, subject to the board's control and responsibility, such powers and duties as may be lawful or proper for the performance of the functions vested in the board." HRS § 171-6(8) (Supp. 2007); see also HRS § 26-15(a) (2009 Repl.).

On or about January 14, 2008, Thielen, as BLNR Chairperson, wrote a letter denying Agency Plaintiffs' request for a contested case hearing on the denial of their request for deviation from the conditions in their CDUPs "because a contested case hearing on this matter is not required by law." In conducting discovery, Appellants found no indication that BLNR delegated to Thielen the authority to deny requests for contested case hearings. In their motion for summary judgment, Defendants conceded that "[t]he Board did not consider or act upon [Agency Plaintiffs'] request for a contested case hearing." In granting Defendants' motion for summary judgment, the circuit court did not make any finding or conclusion as to the propriety of Thielen's denial letter.

Given the foregoing law and facts, we conclude that without proper delegation from BLNR, Thielen could not lawfully deny Agency Plaintiffs' request for a contested case hearing. In granting Defendants' motions to dismiss the agency appeal and for summary judgment in the declaratory judgment action, the circuit court accordingly erred by failing to address the propriety of Thielen's denial letter.

## IV. CONCLUSION

We vacate the Final Judgment filed on August 7, 2008 in Civil No. 08-1-0030 in the Circuit Court of the Fifth Circuit and remand the agency action for a BLNR determination on Agency Plaintiffs' entitlement to a contested case hearing under HAR

§ 13-1-29.1.  The circuit court's November 17, 2008 Final Judgment in Civil No. 08-1-0077 in the Circuit Court of the Fifth Circuit as to Civil Plaintiffs' declaratory judgment action is vacated, and this case is remanded to the circuit court for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawaiʻi, June 23, 2010.

On the briefs:

Roy A. Vitousek III
Kristin S. Shigemura
(Cades Schutte LLLP)
for Appellants.

Deirdre Marie-Iha,
Deputy Solicitor General,
for Appellees.

Chief Judge

Associate Judge

Associate Judge